922 F.2d 129
 UNITED STATES of America, Plaintiff-Appellee,
v.
CERTAIN REAL PROPERTY AND PREMISES, KNOWN AS 418 57TH
STREET, BROOKLYN, NEW YORK, Defendant,
and
Harvey Lehrer and Helen Lehrer, Claimants-Appellants.
 No. 748, Docket 90-6197.
 United States Court of Appeals,
Second Circuit.
 Argued Dec. 6, 1990.
Decided Dec. 26, 1990.
 
 Charles S. Kleinberg, Asst. U.S. Atty., E.D.N.Y. (Andrew J. Maloney, U.S. Atty., E.D.N.Y., Robert L. Begleiter, Annemarie P. McAvoy, Asst. U.S. Attys., New York City, of counsel), for plaintiff-appellee.
 Joseph Frost, Frost & Berenholtz, New York City, for defendants-appellants.
 Before KAUFMAN, NEWMAN and WINTER, Circuit Judges.
 IRVING R. KAUFMAN, Circuit Judge:
 
 
 1
 The civil drug forfeiture statute, 21 U.S.C. Sec. 881(a)(7) (1988), was enacted as part of the Comprehensive Drug Abuse Prevention and Control Act of 1970 ("the Act"). Frustrated in its efforts to curtail the proliferation of illegal drug use in this country, Congress created a statute of enormous scope and potency. The law provides for an action in rem against any conveyance, currency or real property used to facilitate narcotics-related activities. Id. Because it is a civil statute, section 881 imparts comparatively few of the traditional due process guarantees that attach upon criminal indictment. Individuals not involved in criminal activity may forfeit ownership based solely on a showing of probable cause that their property has been involved in some aspect of the drug trade.
 
 
 2
 The line between enforcement of property owners' duties and infringement of their rights is a narrow one. Recognizing the balance needed to protect against unjustified penalty, Congress inserted an "innocent owner" defense in section 881(a)(7) of the drug forfeiture statute. It provides that an owner may mount an affirmative defense to seizure by establishing either lack of knowledge or lack of consent regarding usage of the property in narcotics-related activities. Accordingly, forfeiture is inappropriate where an owner can prove reasonable efforts were made, under the circumstances, to prevent illegal use of the property.
 
 
 3
 Disposition of the present forfeiture proceedings hinged on the district court's improper construction of the innocent owner defense. For reasons set forth below, we reverse the summary judgment order in favor of the government and remand for proceedings not inconsistent with this opinion.
 
 BACKGROUND
 
 4
 Appellants Harvey and Helen Lehrer purchased the property known as 418 57th Street in Brooklyn, New York in October 1986. The following December, they leased one floor of the building to Jose Beltrez and the three remaining floors to Jose Alicea. Rent was collected in person by the Lehrers each month, and Beltrez and Alicea generally made timely payments. Both tenants continued to occupy the premises until it was seized by United States Marshals on December 20, 1988.
 
 
 5
 The record discloses that from January through June of 1988, a disturbing number of drug-related incidents occurred at the 57th Street address. Agents from the federal Drug Enforcement Agency ("DEA") witnessed several narcotics sales on the premises, and Alicea's brother, Gary Lind, was arrested there for possession of a controlled substance. Consequently, DEA agents raided the building in September and December of 1988. During the September raid, law enforcement officials recovered large amounts of heroin, cocaine, cash and drug paraphernalia and arrested thirteen occupants, including Alicea and Beltrez. Three months later, when federal agents again raided the premises for narcotics, they arrested several of the same individuals on drug-related charges.
 
 
 6
 Prior to these raids, in June of 1988, New York City Councilman Sal Albanese wrote to alert the Lehrers of events taking place in their building. He informed them of the reported narcotics sales and of Lind's arrest. After receiving his letter, Mrs. Lehrer called the Councilman, who recommended that she and her husband consult an attorney. It is undisputed that the Lehrers immediately contacted a lawyer. He informed them that mere allegations of drug activity could not justify institution of eviction proceedings and warned them that until a tenant was convicted, such action would constitute harassment. Accordingly, the Lehrers did not attempt to evict their tenants.
 
 
 7
 The government instituted this civil drug forfeiture action against the Lehrers' property pursuant to 21 U.S.C. Sec. 881(a)(7) and moved for summary judgment. In an order dated May 31, 1990, the district court for the Eastern District of New York granted the government's motion and determined the 57th Street premises were subject to forfeiture. 737 F.Supp. 749.
 
 
 8
 During the proceedings below, the government contended that appellants had knowledge of the drug-related incidents by virtue of the Councilman's letter. Chief Judge Platt did not reach the issue of whether the Lehrers nonetheless withheld their consent. Instead, the judge ruled as a matter of law that knowledge alone is sufficient grounds for forfeiture. This decision, however, was made without the benefit of our subsequent ruling in United States v. 141st Street Corp., 911 F.2d 870 (2d Cir.1990).
 
 
 9
 Because our holding in 141st Street mandates consideration of consent as well as knowledge when adjudicating an innocent owner defense to drug forfeiture, we reverse the summary judgment order and remand for further proceedings.
 
 DISCUSSION
 
 10
 The issue before us is whether the district court properly found no triable issues of fact regarding forfeiture of the Lehrers' property. We recall some basic principles in our review of a summary judgment order. First, we must determine whether there are any factual issues to be tried. Moreover, we must resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49, 106 S.Ct. 2505, 2510-11, 91 L.Ed.2d 202 (1986); Knight v. United States Fire Ins. Co., 804 F.2d 9, 11-12 (2d Cir.1986), cert. denied, 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987). With these tenets in mind, we proceed to the record on appeal and begin by addressing the government's contention that proof of an owner's knowledge precludes a defense to forfeiture based on lack of consent.
 
 
 11
 Section 881(a)(7) of the drug forfeiture act provides that property shall be subject to government forfeiture upon a showing of probable cause that it was used to facilitate narcotics crimes. The burden then shifts to the claimant to establish, by a preponderance of the evidence, that the property is not subject to forfeiture. The statute contemplates an affirmative defense to forfeiture where the activity involving drugs was committed "without the knowledge or consent of the owner."[1]
 
 
 12
 The language of section 881(a)(7) has generated a variety of judicial interpretations. Some courts have read the defense to require that an owner disprove both knowledge and consent if forfeiture is to be avoided. We do not agree with this view and consider our holding in 141st Street to clarify the law in this complex area.
 
 
 13
 141st Street involved government seizure of an apartment building because of extensive drug trafficking on the premises. We upheld a jury's determination that forfeiture of the building was justified. In doing so, however, we construed the language of the statute to reflect Congress's concern that innocent owners be insulated from the severe penalties of the Act.
 
 
 14
 With this legislative purpose in mind, we gleaned from section 881(a)(7) two avenues of defense for property owners attempting to establish innocence. We held that "a claimant may avoid forfeiture by establishing either that he had no knowledge of the narcotics activity or, if he had knowledge, that he did not consent to it." 911 F.2d at 878. Thus, if an owner can prove lack of knowledge of drug-related occurrences on the property, forfeiture is instantly defeated. Moreover, even if such knowledge is established, an owner may demonstrate lack of consent to the illegal activities as a defense to the seizure. We reject the government's characterization of our conclusion--that a defense to forfeiture may depend alternatively upon lack of consent or lack of knowledge--as nothing more than dicta.
 
 
 15
 Accordingly, we turn to the crucial issue of how precisely to define "consent" in the context of the innocent owner defense. Congress intentionally placed a significant burden upon owners to remain accountable for the legitimate use of their property. Therefore, we balanced our determination of the knowledge-consent issue with a stringent interpretation of consent, defining it as "the failure to take all reasonable steps to prevent illicit use of premises once one acquires knowledge of that use." Id. at 879. Unless an owner with knowledge can prove every action, reasonable under the circumstances, was taken to curtail the drug-related activity, consent is inferred and the property is subject to forfeiture.
 
 
 16
 The government urges that even if we affirm the knowledge-consent rule of 141st Street, the record contains sufficient evidence of the Lehrers' consent to overcome their claim of innocent ownership. We reject this contention. Not only do we find the lower court's failure to address the consent issue error, we are unpersuaded that acquiescence by the Lehrers is manifest.
 
 
 17
 In fact, the record before us reveals a genuine dispute related directly to the reasonableness of appellants' actions. Particularly troubling is the nebulous burden the government seeks to impose upon property owners. The government insists that the Lehrers should have contacted the authorities to confirm reports of the arrests, inspected the premises for signs of drugs, or instituted eviction proceedings. There is a fair dispute, however, whether any of these measures would have been productive or appropriate under New York law. Also in dispute is whether the simple act of contacting an attorney constituted "all reasonable steps" the Lehrers could have taken to halt drug activity at 418 57th Street. On remand, the court should focus squarely on these and other factors related to the consent element of the "innocent owner" defense.
 
 CONCLUSION
 
 18
 As we have stated, the lower court improperly decided that because the Lehrers were aware of narcotics-related activity occurring on the premises, they were barred from asserting an affirmative defense to forfeiture. Despite knowledge, owners of property have a statutory right to retain possession if they can show they effectively withheld consent.
 
 
 19
 This is not a case in which we challenge legislative efforts to combat the behemoth that has become this nation's drug problem. On the contrary, we recognize that Congress struck a balance between law enforcement and the constitutional rights of individuals. Our opinion simply reflects these competing concerns with an eye toward maintaining the intended balance.
 
 
 20
 Accordingly, the district court's summary judgment order is reversed, and the case is remanded for further proceedings consistent with our opinion.
 
 
 
 [1]
 21 U.S.C. Sec. 881 (1988) provides in relevant part:
 (a) The following shall be subject to forfeiture to the United States and no property right shall exist in them:
 (7) All real property, including any right, title, and interest (including any leasehold interest) in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit or facilitate the commission of, a violation of this title punishable by more than one year's imprisonment, except that no property shall be forfeited under this paragraph, to the extent of an interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of the owner. (emphasis added)