**UNITED STATES of America, Plaintiff–Appellee,**

v.

**ONE PARCEL OF PROPERTY, LOCATED AT 755 FOREST ROAD, NORTHFORD, CONNECTICUT, with all appurtenances and improvements thereon, Defendants.**

**New Haven Savings Bank, Claimant.**

**Sheila A. Franco, Claimant–Appellant.**

**No. 250, Docket 92–6109.**

United States Court of Appeals, Second Circuit.

Argued Sept. 23, 1992.

Decided Feb. 3, 1993.

Howard I. Gemeiner, New Haven, CT, for claimant-appellant.

H. Gordon Hall, Asst. U.S. Atty., New Haven, CT (Albert S. Dabrowski, U.S. Atty. for the D. of Connecticut, New Haven, CT, of counsel), for plaintiff-appellee.

Before VAN GRAAFEILAND, WINTER and MAHONEY, Circuit Judges.

WINTER, Circuit Judge:

Sheila A. Franco appeals from the granting of summary judgment forfeiting her residence at 755 Forest Road, Northford, Connecticut. The property had been seized pursuant to 21 U.S.C. § 881(a)(7) (1988) on the ground that it had been used to facilitate violations of federal narcotics law. Franco, the record owner of the residence, claims to qualify under Section 881(a)(7)'s exception for owners who lack knowledge of, or do not consent to, criminal activity involving the property. *Id.* Because Franco proffers only an untenable assertion that she had no knowledge of narcotics activity in the house, we affirm.

## BACKGROUND

The Franco home was seized after cocaine and various drug distribution paraphernalia had been discovered in it during a search. The search was conducted pursuant to the consent of James Franco, Sheila Franco's husband, who was the target of a narcotics investigation and also resided in the home. In the Francos' shared bedroom, police officers found several plastic bags of cocaine, an Ainsworth electronic gram scale, inositol (a white powder commonly used by drug traffickers to cut cocaine), fifty-one 2½″ by 2½″ sheets of pa-

per, eleven pre-folded sheets of paper of the same size, $676 in cash, and a funnel, sifter, and grinder with drug residue. The officers discovered these items on the top of a dresser, in a jewelry box on the top of the dresser, in a drawer of the dresser, and on a closet floor.

According to an affidavit of Drug Enforcement Administration Special Agent David J. Hoyt, Franco stated during the search that "she was aware of [her husband's] involvement in narcotics." In her affidavit, Franco contends that her statement to Hoyt indicated only that she knew about her husband's drug use, not that she knew about the use or presence of narcotics in her home. Franco further states that she had requested that his drug activities cease, including a specific request that he not use or keep narcotics in the home. She professes not to have been aware of, nor to have consented to, any continued drug activities or storage of narcotics or paraphernalia in the home since that request. Finally, she maintains that any drugs and drug paraphernalia "were concealed there by my husband against my wishes and without my knowledge or consent."

The district court held that there was no genuine issue of material fact under Fed. R.Civ.P. 56(e) and granted the government's motion for summary judgment. Franco then took this appeal.

## DISCUSSION

In reviewing a grant of summary judgment, we conduct a *de novo* review. *See, e.g., Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 152, 116 L.Ed.2d 117 (1991). Summary judgment may be granted if, viewing the facts in the light most favorable to the nonmovant, "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Suburban Propane v. Proctor Gas, Inc.*, 953 F.2d 780, 788 (2d Cir.1992); *see also Eastman Kodak Co. v. Image Technical Servs., Inc.*, —— U.S. ——, ——, 112 S.Ct. 2072, 2077, 119 L.Ed.2d 265 (1992) (stating that " 'all justifiable inferences are to be drawn in [the nonmovant's] favor' ") (quot-

ing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986)). The nonmovant, however, "may not defeat a motion for summary judgment merely by pointing to a potential issue of fact"; instead, specific facts must establish "a genuine issue of material fact." *City of Yonkers v. Otis Elevator Co.*, 844 F.2d 42, 45 (2d Cir.1988). To avoid summary judgment, the nonmovant "may not rest upon the mere allegations or denials of [her] pleading." Fed. R.Civ.P. 56(e).

The so-called "innocent owner" defense is an affirmative defense to be proven by the owner-claimant. It permits an owner to "avoid forfeiture by establishing [by a preponderance of the evidence] either that [s]he had no knowledge of the narcotics activity or, if [s]he had knowledge, that [s]he did not consent to it." *United States v. 141st Street Corp. by Hersh*, 911 F.2d 870, 878 (2d Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 1017, 112 L.Ed.2d 1099 (1991); *see also United States v. 418 57th Street*, 922 F.2d 129, 131 (2d Cir.1990) (reversing a granting of summary judgment because the "holding in *141st Street* mandates consideration of consent as well as knowledge when adjudicating an innocent owner defense to drug forfeiture"). However, where an owner has engaged in "willful blindness" as to activities occurring on her property, her ignorance will not entitle her to avoid forfeiture. *United States v. Leasehold Interest in 121 Nostrand Ave. Apt. 1C*, 760 F.Supp. 1015, 1031–32 (E.D.N.Y.1991). To establish lack of consent, claimants must demonstrate that they "did all that reasonably could be expected to prevent the illegal activity once [they] learned of" the illicit use of the property. *141st Street*, 911 F.2d at 879. "Unless an owner with knowledge can prove every action, reasonable under the circumstances, was taken to curtail the drug-related activity, consent is inferred...." *418 57th Street*, 922 F.2d at 132.

The pivotal factual issue posed by Franco's affidavit is whether she had knowledge of narcotics activities within her

home. That affidavit is, however, insufficient as a matter of law to establish the requisite lack of knowledge. Most notably, it does not contest the government's evidence that the drugs and drug paraphernalia were discovered throughout the bedroom she shared with her husband. It is thus uncontested that they were found on top of a dresser, in a jewelry box on the top of the dresser, in a dresser drawer, and on a closet floor, places to which she had easy and continual access. Her counsel hypothesizes, without support from her affidavit or other evidence in the record, that her husband had exclusive control of the dresser, closet, and jewelry box. Even if that heroic assumption were the case, however, the sifter, grinder, sheets of paper, and funnel were in plain view on top of the dresser, a fact that utterly belies her ignorance of drug activities in the bedroom. Her purported ignorance is thus at best "willful blindness," at worst perjurious. In *Bryant*, we noted the "caution [normally exercised] in granting summary judgment where state of mind is at issue." 923 F.2d at 985. Such caution is unnecessary, however, where, as here, the claimed state of mind is so inconsistent with the uncontested facts.

With regard to the issue of consent, the abundance and visibility of the narcotics evidence contradict any contention that Franco took all reasonable steps to prevent the illegal use of the property. A denial of the existence of drug paraphernalia that is in a person's plain view is not consistent with a claim that the person made all reasonable efforts to eliminate drug activity. *See 141st Street*, 911 F.2d at 879–80. The visible drug evidence thus distinguishes *418 57th Street*, where we found a genuine dispute to exist as to whether contacting an attorney to learn of various options constituted a taking of "all reasonable steps." 922 F.2d at 132.

We agree with Judge Daly that, given the evidence, "more detailed factual substance in support of her claim of ignorance" was required for Franco to meet her burden. *United States v. 15 Black Ledge Drive*, 897 F.2d 97, 102 (2d Cir.1990) (affirming a summary judgment ruling and rejecting a wife's claim of no knowledge because "a bare denial was insufficient to create a genuine triable issue" given the apparent evidence of drug activity).

We therefore affirm.

VAN GRAAFEILAND, Circuit Judge, dissenting:

This case is a glaring example of the Government's draconian use of civil forfeiture. It is not the usual real property forfeiture case, where law enforcement officers maintain a watch on premises and, in the process, satisfy themselves that unlawful drug activity is taking place thereon. So far as we know, prior to October 10, 1990, the date on which Mrs. Franco's husband was arrested, the police did not even know where he lived. Admittedly, when he took them to his wife's home, they found some drug paraphernalia there. However, there has been no showing as to how long it had been there or whether any drug transactions ever had taken place on or around the premises.

I doubt very much that the Government could point to any date prior to October 10, 1990 as the date when title vested in the United States as provided in 21 U.S.C. § 881(a) (title vests "upon commission of the act giving rise to the forfeiture"). If the Government could not establish commission of any such act prior to October 10, Mrs. Franco's denial of knowledge of such act should suffice to prevent the grant of summary judgment against her.

Assuming that despite Mrs. Franco's denial under oath she could be charged with knowledge of the narcotic's existence in her home, she still should be entitled to show that she had made reasonable efforts to eliminate it. Because reasonableness varies according to surrounding facts and circumstances, the issue of what is reasonable does not always lend itself to summary disposition. *See Shifrin v. Wilson*, 412 F.Supp. 1282, 1299–1300 (D.D.C.1976). We are dealing here with a wife and mother, not a Cosa Nostra godfather. If I were asked what Mrs. Franco did that justified the Government in taking her home from

her, I would be hard put to answer. I would find it even harder to justify the district court's approval of what the Government did without first having given Mrs. Franco an opportunity to be heard. *See United States v. One Parcel of Real Estate*, 963 F.2d 1496, 1505–06 (11th Cir. 1992); *United States v. Certain Real Property*, 922 F.2d 129, 131–32 (2d Cir. 1990).

Accordingly, I dissent.