**UNITED STATES of America, Plaintiff,**

**v.**

**ALL RIGHT, TITLE AND INTEREST IN REAL PROPERTY AND APPURTENANCES THERETO KNOWN AS 163 RENWICK STREET, NEWBURGH, NEW YORK, LISTED AS SECTION 45, BLOCK 11, LOT 2, Defendant-in-rem.**

No. 93 Civ. 2924 (VLB).

United States District Court, S.D. New York.

July 27, 1994.

---

Bart Van der Weghe, Asst. U.S. Atty., White Plains, NY, for plaintiff.

Thomas J. Murphy, Newburgh, NY, for claimant Olvido Barbot.

### MEMORANDUM & ORDER

BRIEANT, District Judge.

This civil forfeiture action presents issues concerning the circumstances under which real property allegedly used for illegal distribution and sale of a controlled substance may be forfeited to the United States. Plaintiff United States (the "Government") is seeking civil forfeiture of all right, title and interest in the real property and buildings located at 163 Renwick Street, Newburgh, New York (the "Property"), under 21 U.S.C. § 881(a)(7).

Two individuals claim ownership of the property: Olvido Barbot ("Olvido"), who answered the complaint and has submitted papers in opposition to the motion, and her husband Jose Barbot ("Jose"), who served a claim to the property but has otherwise not responded.

The Government moves now for summary judgment under Fed.R.Civ.P. 56 against Jose Barbot only.

The application of the Government for forfeiture of all of Jose's right, title and interest in the Property to the United States is granted and this Court adjudges that Jose Barbot is barred from any right of ownership or any right to enter onto the Property.[1]

---

1. The Government has advised the court that an agreement on a settlement dependent upon for-

Olvido and Jose began living together in 1979 and were married in April 1984. In December 1980, the Property was purchased for $20,500 with an $18,400 mortgage. Title was taken in the name of Jose and his sister, a joint mortgagor, because Jose apparently lacked sufficient financial resources to finance the purchase alone. The sister was an accommodation co-obligor. As between the parties, she was not intended to be an owner.

In August 1984 Olvido and Jose were arrested in connection with the sale of cocaine at the Property. Jose was convicted; the charges against Olvido were dismissed. Olvido moved to Brooklyn and rented out the Newburgh property while her husband was in prison; they moved back to the Property in 1991 after Jose was released. Olvido obtained work outside the home and Jose, in addition to other employment, sold furniture and other articles using the garage on the Property as a place of business.

On two occasions, in April and May of 1992, a confidential informant monitored by the Newburgh Police Department purchased cocaine from Jose at the Property. The police observed Jose leave the garage, enter the residence, and then return to the garage prior to selling the cocaine to the informant.

A City of Newburgh Police Report states that on May 14, 1992, the Newburgh Police Department searched the property pursuant to a warrant and seized, among other things, two brown paper bags containing 46 clear plastic bags of cocaine which Jose was observed throwing into an adjacent yard. The search also uncovered a paper bag containing numerous small clear plastic bags from the rear yard of the property, a gram-weight scale with cocaine residue, and a clear plastic bag containing cocaine residue from the master bedroom of the property. Jose was arrested, pleaded guilty to criminal possession of a controlled substance in the fifth degree and was sentenced to a term of three-six

years imprisonment, which he is still serving. This evidence is uncontroverted.

Shortly after his arrest, Jose signed a deed, dated August 21, 1994, which created a tenancy by the entirety to the property in favor of himself and Olvido.[2] Thus Olvido acquired her interest after Jose's illegal acts took place but before his plea of guilty was entered.

■■■ Civil forfeiture of real property is authorized by 21 U.S.C. § 881(a)(7). Section 881(a)(7) provides in part:

(a) The following shall be subject to forfeiture to the United States and no property right shall exist in them:

(7) All real property, including any right, title, and interest (including any leasehold interest) in the whole of any lot or tract of land and any appurtenances of improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this title punishable by more than one year's imprisonment, except that no property shall be forfeited under this paragraph, to the extent of the interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner.

The Government has the burden of proving that there is "probable cause to believe that the properties are the fruits of illegal drug activity." 21 U.S.C. § 881(d).[3] See *United States v. 228 Acres of Land and Dwelling Located on Whites Hill Road*, 916 F.2d 808, 811–12 (2d Cir.1990), *cert. denied sub nom. Moreno v. United States DEA*, 498 U.S. 1091, 111 S.Ct. 972, 112 L.Ed.2d 1058 (1991).

■■■ *United States v. Banco Cafetero Panama*, 797 F.2d 1154, 1160 (2d Cir.1986), established that such probable cause will be

feiture of Jose's interest to the United States has been reached with Olvido and therefore has requested adjournment of its application for summary judgment against Olvido.

**2.** This deed was recorded on September 21, 1992 in the Orange County Clerk's Office at Liber 3670, Page 129.

**3.** Section 881(d) utilizes the scheme for forfeitures under the customs laws, including 19 U.S.C. § 1615, which provides:

[T]he burden of proof shall lie upon [the] claimant ... *Provided*, [t]hat probable cause shall first be shown for the institution of such suit or action, to be judged by the court.

found when the government has "reasonable grounds" to believe the property is subject to forfeiture, and when those grounds rise above mere suspicion. "Reasonable grounds" based on more than "mere suspicion" can be "less stringent" than prima facie proof. *United States v. Daccarett,* 6 F.3d 37, 55, 56 (2d Cir.1993), *cert. denied* —— U.S. ——, 114 S.Ct. 1294, 127 L.Ed.2d 648 (1994). Thus, a "finding of probable cause may be based on hearsay, even hearsay from confidential informants ... or circumstantial evidence ...", if reliable. *Id.*

In *Daccarett,* our Court of Appeals dealt with "inconsistent formulations" of the connection to be proven between the property subject to forfeiture and the exchange of a controlled substance, explaining that *Banco Cafetero* requires "probable cause *to connect"* the property with narcotics activity. *Daccarett,* 6 F.3d at 55 (emphasis added). The opinion in *Daccarett* stated that the connection need not be substantial; rather, there need be "'only a nexus between them.'" *Daccarett,* 6 F.3d at 55, quoting *United States v. St. Nicholas Avenue,* 983 F.2d 396, 403 (2d Cir.), *cert. denied* —— U.S. ——, 113 S.Ct. 2349, 124 L.Ed.2d 258 (1993); see also *United States v. 15 Black Ledge Drive,* 897 F.2d 97, 101 (2d Cir.1990).

According to the Court of Appeals panel in *Daccarett,* 6 F.3d at 57, after the Government has established probable cause, the burden "shifts to the claimant" to demonstrate by a preponderance of the evidence that the factual predicates necessary to show probable cause have not been met or to show that the claimant was an innocent owner who lacked knowledge of or did not consent to drug related activities. See 21 U.S.C. § 881(a)(7). This burden may be applied reasonably to facts within the knowledge of the claimant such as source of title, awareness or not of illegal activities, and steps if any taken to prevent or stop such activities. A more difficult question is whether or not such a shifting of the burden to the claimant may apply to the occurrence of the illegal activity itself.

Recently our Court of Appeals has revisited the statutory provisions and judicially defined criteria affecting burden shifting in *United States v. Two Parcels of Property Located at 19 and 25 Castle Street,* 31 F.3d 35, 40 (2d Cir.1994), which quoted *United States v. 418 57th Street,* 922 F.2d 129, 132 (2d Cir.1990) as follows:

> Congress intentionally placed a significant burden upon owners to remain accountable for the legitimate use of their property.... Unless an owner with knowledge can prove every action, reasonable under the circumstances, was taken to curtail the drug-related activity, consent is inferred and the property is subject to forfeiture.

The need for property owners to be accountable for illegal use of their property supports imposing a burden of persuasion on such owners at the trial stage of forfeiture proceedings to establish ignorance of, or reasonable efforts to prevent, illegal activity. Placing the burden on the owner to disprove the existence of the illegal activity itself, by contrast, has no historical support and runs counter to the burden ordinarily imposed by the Constitution, most statutes, and custom on law enforcement agencies.

Placing the burden of persuasion on the owner with respect to the innocent owner defense, but requiring the Government to show by a preponderance at trial that illegal activity had in fact occurred in connection with premises respects the need for effective enforcement and is consistent with Congressional intent as set forth in *Two Parcels* and *57th Street.* Also it is consistent with the presumption of regularity (or innocence) which is part of Constitutional Due Process. Ordinarily at common law, nobody is required to prove a negative. See *Elkins v. United States,* 364 U.S. 206, 218, 80 S.Ct. 1437, 1444, 4 L.Ed.2d 1669 (1960); *Andrew Crispo Gallery v. Comm'r,* 16 F.3d 1336, 1342 (2d Cir.1994).

In *Organizacion JD LTDA v. US Dep't of Justice,* 18 F.3d 91, 93 (2d Cir.1994), *cert. denied* —— U.S. ——, 114 S.Ct. 2679, 129 L.Ed.2d 813 (1994), our Court of Appeals recognized that *Daccarett* did not consider Fifth Amendment Due Process.

The Supreme Court has consistently supported procedural safeguards in forfeiture cases to assure Due Process. *See Depart-*

ment of Revenue of Montana v. Ranch, —— U.S. ——, ——, 114 S.Ct. 1937, 1945, 128 L.Ed.2d 767 (1994); *United States v. Parcel of Land,* —— U.S. ——, 113 S.Ct. 1126, 122 L.Ed.2d 469 (1993); *United States v. James Daniel Good Real Property,* —— U.S. ——, 114 S.Ct. 492, 126 L.Ed.2d 490 (1993); *Austin v. United States,* —— U.S. ——, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993); *Alexander v. United States,* —— U.S. ——, 113 S.Ct. 2766, 125 L.Ed.2d 441 (1993); *see also Torres v. $36,256.80,* 25 F.3d 1154 (2d Cir.1994). It is appropriate to consider the broader implications of these cases, which emphasize the need to adhere to Constitutional norms of Due Process in the forfeiture context, while retaining the effectiveness of forfeiture as a law enforcement device.

As noted earlier, the applicable statute, 21 U.S.C. § 881(d), drawn from the Customs forfeiture provision, 19 U.S.C. § 1615, provides that the "burden of proof shall lie upon [the] claimant ... *Provided,* [that] probable cause shall first be shown for the institution of such suit or action, to be judged by the court." This may be read to impose the burden of persuasion on the claimant to show ownership, and the burden of persuasion to overcome a presumption that any administrative Customs determination, if involved, was correct.

The statute was not necessarily intended to impose the burden on a claimant to prove a negative by establishing that no illegal conduct occurred. It remains clear, of course, that the owner must establish title and that any affirmative defense of innocent ownership must be established by a claimant once illegal use of premises has been shown.

■ The Government has established Jose's illegal use of the property covered by the forfeiture statute by a preponderance of the evidence, in addition to showing probable cause; there is no support for any inference that Jose was an innocent owner or sought to prevent illegal use of the property.[4] Conse-

quently Jose's interest in the property is forfeitable under any of the potentially applicable tests.

Jose appears to have been served properly in a manner consistent with the Fifth Amendment Due Process Clause and given an opportunity to respond, see *United States v. James Daniel Good Real Property,* —— U.S. ——, —— – ——, 114 S.Ct. 492, 500–505, 126 L.Ed.2d 490 (1993); *Organizacion JD LTDA,* 18 F.3d at 93; *Torres,* 25 F.3d at 1160–1161.

There being no just reason for delay, the Clerk shall enter final judgment pursuant to Fed.R.Civ.P. 54(b) against Jose Barbot, forfeiting to the United States his interest in the Property.

SO ORDERED.

---

4. Jose's guilty plea to criminal possession of a controlled substance in state court based on these events confirms the unavailability of an innocent owner defense. As pointed out in *United States v. 303 West 116th Street,* 901 F.2d 288, 291–92 (2d Cir.1990), a state conviction on drug charges is sufficient to establish probable cause for forfeiture and "it would be absurd to suggest that the conduct resulting in [claimant's] conviction occurred without his knowledge or consent," particularly where a guilty plea is involved. Whatever defenses Jose might have asserted need not be given further consideration in light of his default in answering or responding to the motion for summary judgment.